IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIRGINIA WOLF and CAROL SCHUMACHER,
KAMI YOUNG and KARINA WILLES,
ROY BADGER and GARTH WANGEMANN,
CHARVONNE KEMP and MARIE CARLSON,
JUDITH TRAMPF and KATHARINA HEYNING,
SALUD GARCIA and PAM KLEISS,
WILLIAM HURTUBISE and LESLIE PALMER,
JOHANNES WALLMANN and KEITH BORDEN,

                              ORDER

             Plaintiffs,

                            14-cv-64-bbc

      v.

SCOTT WALKER, in his official capacity as
Governor of Wisconsin,
J.B. VAN HOLLEN, in his official capacity as
Attorney General of Wisconsin,
RICHARD G. CHANDLER, in his official capacity as
Secretary of Revenue of Wisconsin,
OSKAR ANDERSON, in his official capacity as
State Registrar of Wisconsin,
GARY KING, in his official capacity as
Eau Claire County District Attorney,
JOHN CHISHOLM, in his official capacity as
Milwaukee County District Attorney,
JOSEPH CZARNEZKI, in his official capacity as
Milwaukee County Clerk,
WENDY CHRISTENSEN in her official capacity as
Racine County Clerk and
SCOTT MCDONELL, in his official capacity as
Dane County Clerk,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs in this case are same-sex couples who are challenging the validity of provisions in the Wisconsin Constitution and Wisconsin Statutes that prohibit same-sex marriage and also prohibit residents from leaving the state to enter into a marriage that is not recognized under Wisconsin law. Plaintiffs contend that the laws violate the United States Constitution because they interfere with plaintiffs' fundamental right to marry under the due process clause and discriminate against them because of their sex and sexual orientation in violation of the equal protection clause.

On February 28, 2014, plaintiffs filed a motion in which they asked the court to enjoin these laws preliminarily. Dkt. #27. A hearing on plaintiffs' motion is tentatively scheduled for March 27, 2014.

A review of recent cases addressing similar challenges brought in other states raises a question whether a preliminary injunction is appropriate in this case, regardless of any conclusion I reach about the merits of plaintiffs' claims. In <u>Herbert v. Kitchen</u>, 134 S. Ct. 893 (2014), the Supreme Court stayed an injunction entered by the United States District Court for the District of Utah pending "final disposition" of the case by the Court of Appeals for the Tenth Circuit. In three cases decided since <u>Herbert</u> involving constitutional challenges to bans on same-sex marriage, three different district courts relied on the Supreme Court's order when staying injunctions pending final disposition by the court of appeals in the relevant circuit. <u>Bishop v. United States ex rel. Holder</u>, 04-CV-848-TCK-TLW, 2014 WL 116013 (N.D. Okla. Jan. 14, 2014) ("In accordance with the U.S. Supreme Court's issuance of a stay in a nearly identical case on appeal from the District Court of Utah to the

Tenth Circuit Court of Appeals, see Herbert v. Kitchen, U.S. Supreme Court Order in Pending Case 13A687 (Jan. 6, 2014), the Court stays execution of this injunction pending the final disposition of any appeal to the Tenth Circuit Court of Appeals."); Bostic v. Rainey, 2:13CV395, 2014 WL 561978 (E.D. Va. Feb. 13, 2014) ("In accordance with the Supreme Court's issuance of a stay in Herbert v. Kitchen, and consistent with the reasoning provided in Bishop, this Court s[t]ays execution of this injunction pending the final disposition of any appeal to the Fourth Circuit Court of Appeals."); De Leon v. Perry, SA-13-CA-00982-OLG, 2014 WL 715741 (W.D. Tex. Feb. 26, 2014) ("In accordance with the Supreme Court's issuance of a stay in Herbert v. Kitchen, and consistent with the reasoning provided in Bishop and Bostic, this Court stays execution of this preliminary injunction pending the final disposition of any appeal to the Fifth Circuit Court of Appeals."). Another district court stated that "[t]he Supreme Court's action [in Herbert] is a powerful message, perhaps intended for reading beyond Utah." Bourke v. Beshear, 3:13-CV-750-H, 2014 WL 556729 (W.D. Ky. Feb. 28, 2014), dkt. #58.

Of course, the premise of a preliminary injunction is that relief is needed now and cannot wait until the case is fully litigated. If a preliminary injunction must be stayed as soon as it is entered, it is not clear what purpose it serves. After all, the practical effect of denying a motion for a preliminary injunction and granting the motion but staying it is the same. Either way, the plaintiffs get no immediate relief, but are free to continue litigating the case. Thus, in light of Herbert, it may be a better use of the parties' resources to focus on reaching a swift, final determination in the district court rather than litigating the case

3

in multiple stages with no clear benefit to either side.

Accordingly, I will give plaintiffs an opportunity to withdraw their motion for a preliminary injunction in favor of an expedited schedule for summary judgment and trial. If plaintiffs wish to continue with their motion, they should file a supplemental memorandum addressing the following issues: (1) whether, in light of Herbert and the other cases cited in this order, it would be appropriate to enforce any preliminary injunction entered in this case before a final disposition by the Court of Appeals for the Seventh Circuit; and (2) if plaintiffs agree that a stay of any preliminary injunction would be appropriate, what purpose a preliminary injunction would serve that could not be accomplished by an expedited schedule.


ORDER

IT IS ORDERED that

1. Plaintiffs Virginia Wolf, Carol Schumacher, Kami Young, Karina Willes, Roy Badger, Garth Wangemann, Charvonne Kemp, Marie Carlson, Judith Trampf, Katharina Heyning, Salud Garcia, Pam Kleiss, William Hurtubise, Leslie Palmer, Johannes Wallmann and Keith Borden may have until March 11, 2014, to inform the court whether they wish to withdraw their motion for a preliminary injunction in favor of an expedited schedule. If plaintiffs choose an expedited schedule, the court will set a prompt preliminary pretrial conference before the magistrate judge.

2. If plaintiffs do not wish to withdraw their motion, they may have until March 11,

2014, to file a supplemental memorandum addressing the following issues:

>  (1) whether, in light of Herbert and the other cases cited in this order, it would be appropriate to enforce any preliminary injunction entered in this case before a final disposition by the Court of Appeals for the Seventh Circuit; and
>
> (2) if plaintiffs agree that a stay of any preliminary injunction would be appropriate, what purpose a preliminary injunction would serve that could not be accomplished by an expedited schedule.

3.  If plaintiffs do not respond by March 11, 2014, I will deny the motion for a preliminary injunction in accordance with Herbert and the case will proceed to summary judgment on an expedited schedule.

4.  The briefing schedule and hearing on the motion for a preliminary injunction remain in place until further order from the court.

Entered this 4th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5