IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VIRGINIA WOLF and CAROL
SCHUMACHER, KAMI YOUNG and
KARINA WILLES, ROY BADGER and
GARTH WANGEMANN, CHARVONNE
KEMP and MARIE CARLSON, JUDITH
TRAMPF and KATHARINA HEYNING,
SALUND GARCIA and PAM KLEISS,
WILLIAM HURTUBISE and LESILE
PALMER, and JOHANNES WALLMAN
And KEITH BORDEN

        Plaintiffs,

v.                                                                    Case No. 14-cv-64

SCOTT WALKER, in his official capacity as
Governor of Wisconsin, J.B. VAN HOLLEN,
in his official capacity as Attorney General of
Wisconsin, RICHARD G. CHANDLER, in his
official capacity as Secretary of Revenue of
Wisconsin, OSKAR ANDERSON, in his
official capacity as State Registrar of Wisconsin,
GARY KING, in his official capacity as Eau
Claire County District Attorney, JOHN CHISHOLM,
in his official as Milwaukee County District
Attorney, JOSEPH CZARNEZKI, in his official c
apacity as Milwaukee County Clerk, WENDY
CHRISTENSEN, in her official capacity as Racine
County Clerk, and SCOTT McDONELL, in his
official capacity as Dane County Clerk,

        Defendants.

### RESPONSE OF THE DANE COUNTY AND MILWAUKEE COUNTY CLERKS IN OPPOSITION TO STATE'S MOTION FOR *BURFORD* ABSTENTION

      The State Defendants argument for *Burford* abstention is not well founded.  Although only three county clerks are named as defendants, every county clerk in the state is required to

issue a marriage license if the requirements set forth in WIS. STAT §765.12(1) are met. If the marriage ban in Article XIII, §13 of the Wisconsin Constitution is declared unconstitutional, all Wisconsin county clerks would be required to issue marriage licenses to same sex couples if they otherwise complied with §765.12(1).

Section 765.12(1)(a) states that "If ss.765.02, 765.05, 765.08, and 765.09 are complied with, and *if there is no prohibition against* or legal objection to *the marriage, the county clerk shall issue a marriage license.*" (emphasis added) Section 765.02 sets the age at which a person can marry. Section 765.05 sets residency requirements. Section 765.08 sets a five day waiting period for issuance of a marriage license. Section 765.09 states that a marriage license may not be issued to persons who are already lawfully married, and specifies data and documentation that must be presented to the county clerk, none of which pertains to gender of the person seeking to marry. Section 756.11 sets forth the grounds for a legal objection to a marriage. They are minority of an applicant, competency or false statements on the application. Again, gender of the parties is not the basis for such an objection. Therefore, if the marriage ban is declared unconstitutional by this court, all county clerks would be required to issue marriage licenses to same sex couples if they otherwise meet the requirements set forth is §765.12(1)(a).

## CONCLUSION

The State Defendants' argument that *Burford* abstention should be invoked because only three county clerks are named as defendants is a delay tactic that is not supported by either fact or law. The Plaintiffs are correct that issuance of a marriage license by a county clerk is a ministerial act that must be complied with if the requirements of §765.12(1)(a) are met. For that reason the concerns raised by the State Defendants do not warrant *Burford* abstention.

Dated this 19th day of March 2014.

                DANE COUNTY CORPORATION COUNSEL

                By: /s David R. Gault_____
                Assistant Corporation Counsel
                Rm. 419, City-County Building
                Madison, WI 53703
                (608) 261-9703
                gault@countyofdane.com

                MILWAUKEE COUNTY CORPORATION COUNSEL

                By:  /s Paul Bargren_____
                Corporation Counsel
                901 N. 9th St., Room 303
                Milwaukee, WI  53233
                (414) 278-4315
                paul.bargren@milwaukeecountywi.gov