IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIRGINIA WOLF and CAROL SCHUMACHER,
KAMI YOUNG and KARINA WILLES,
ROY BADGER and GARTH WANGEMANN,
CHARVONNE KEMP and MARIE CARLSON,
JUDITH TRAMPF and KATHARINA HEYNING,
SALUD GARCIA and PAM KLEISS,
WILLIAM HURTUBISE and LESLIE PALMER,
JOHANNES WALLMANN and KEITH BORDEN,

                OPINION and ORDER
     Plaintiffs,

                14-cv-64-bbc

   v.

SCOTT WALKER, in his official capacity as
Governor of Wisconsin,
J.B. VAN HOLLEN, in his official capacity as
Attorney General of Wisconsin,
RICHARD G. CHANDLER, in his official capacity as
Secretary of Revenue of Wisconsin,
OSKAR ANDERSON, in his official capacity as
State Registrar of Wisconsin,
GARY KING, in his official capacity as
Eau Claire County District Attorney,
JOHN CHISHOLM, in his official capacity as
Milwaukee County District Attorney,
JOSEPH CZARNEZKI, in his official capacity as
Milwaukee County Clerk,
WENDY CHRISTENSEN, in her official capacity as
Racine County Clerk and
SCOTT MCDONELL, in his official capacity as
Dane County Clerk,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

Eight Wisconsin same-sex couples brought this case under 42 U.S.C. § 1983 to challenge the validity of state law restrictions on their ability to marry. Defendants Scott Walker, J.B. Van Hollen, Richard G. Chandler, Oskar Anderson, Gary King and John Chisholm have filed a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), dkt. #66, which is ready for review. (Because defendants Joseph Czarnezki, Wendy Christensen and Scott McDonell did not participate in the motion to dismiss, I will refer to Walker, Van Hollen, Chandler, Anderson, King and Chisholm simply as "defendants" for the remainder of the opinion.)

In their motion, defendants raise both substantive and procedural arguments. The substantive arguments overlap with the arguments in plaintiffs' motion for summary judgment, which is still being briefed, so this order will focus on defendants' procedural arguments only. I will address the substantive arguments in the context of deciding plaintiffs' summary judgment motion.

Defendants raise three procedural issues, which are whether (1) the complaint should be dismissed as to Gary King and John Chisholm because those claims are moot; (2) plaintiffs' amended complaint should be dismissed because it does not provide fair notice of plaintiffs' claims, as required by Fed. R. Civ. P. 8; and (3) the amended complaint should be dismissed as to defendants Richard F. Chandler and Oskar Anderson because plaintiffs have not identified in the complaint how those defendants are personally involved in a constitutional violation.

Plaintiffs do not oppose defendants' motion as to defendants King and Chisholm and

2

I agree that plaintiffs do not have a justiciable controversy with respect to those two defendants, so I am granting that aspect of defendants' motion. In addition, I am granting the motion as to defendant Chandler because plaintiffs have not identified any relief that they can obtain from that defendant even if they prevail on their claims. I am denying the motion as to the other procedural arguments defendants raise, for the reasons discussed below.

## OPINION

### A. Defendants King and Chisholm

Under Wis. Stat. § 765.30(1)(a), a person "may be fined not more than $10,000 or imprisoned for not more than 9 months or both" for "residing and intending to continue to reside in this state who goes outside the state and there contracts a marriage prohibited or declared void under the laws of this state." In their complaint, plaintiffs alleged that some of the couples had been married in other states and they asked for an injunction against applying § 765.30(1)(a) to those couples, who live in Milwaukee and Eau Claire counties. However, in a stipulation filed on March 11, 2014, defendants King and Chisholm, the district attorneys for Milwaukee and Eau Claire counties, agreed that they would not prosecute plaintiffs because King and Chisholm believe that § 765.30(1)(a) does not apply to plaintiffs. Dkt. #55-1. As a result of this stipulation, the parties agree that there is no real controversy between plaintiffs and King and Chisholm, so the complaint should be dismissed as to those defendants. I agree as well. The parties' stipulation shows that there

is no "credible threat of prosecution," which means that there is no actual controversy for this court to resolve. Babbitt v. Farm Workers, 442 U.S. 289, 298 (1979).

In their reply brief, defendants argue that the court should "declare that Wis. Stat. § 765.30(1) does not apply to same-sex marriage" because plaintiffs did not respond to this aspect of defendants' argument from their opening brief. Dfts.' Reply Br., dkt. #96, at 3. However, that request represents a fundamental misunderstanding of the relationship between jurisdiction and the merits. A conclusion that there is no real controversy between the parties is a conclusion that the court lacks subject matter jurisdiction over that issue. Arizona Christian School Tuition Organization v. Winn, 131 S. Ct. 1436, 1441-42 (2011) (federal court's authority under Article III of United States Constitution is limited to "cases or controversies"). It is well established that, once a court determines that it does not have jurisdiction, that is the end of the matter; the court may not proceed to decide the merits. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."); Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is . . . central to the district court's power to issue any orders whatsoever."). Accordingly, regardless whether plaintiffs responded to defendants' argument about the proper interpretation of § 765.30(1)(a), I have no authority to adopt defendants' view.

B. Fair Notice

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement

5of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this to mean that the plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Ashcroft v. Iqbal, 556 U.S. 662, 698 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Defendants argue that plaintiffs failed to comply with Twombly and Iqbal because they did not include in their amended complaint a list of every Wisconsin statute that could be an impediment to their ability to marry.

A threshold question is whether Twombly and Iqbal impose the requirement that defendants are suggesting. Generally, plaintiffs are required to plead *facts* showing that they have a plausible claim; they do not have to plead law. "[A] complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011). See also Alioto v. Town of Lisbon, 651 F.3d 715, 720-21 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories."); Hatmaker v. Memorial Medical Center, 619 F.3d 741, 743 (7th Cir. 2010) ("Although Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, [556 U.S. 662] (2009), require that a complaint in federal court allege facts sufficient to show that the case is plausible . . ., they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories."); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992) (in determining whether complaint states claim upon which relief may

5

be granted, court should not ask "whether the complaint points to the appropriate statute"). Defendants do not cite any cases in which a court interpreted Twombly or Iqbal as requiring the type of information they are seeking.

In their opening brief, defendants say that a failure to identify each statute "unfairly disadvantages" them, dkt. #67 at 14, but they do not explain how. Plaintiffs have identified in their complaint the conduct they believe violates their rights, which is a refusal to authorize and recognize marriages between same-sex couples. Regardless which statutes that refusal implicates, the facts and law that defendants may use to support their position should be the same. In other words, defendants identify no reason why their ability to defend the constitutionality of the ban on marriage between same-sex couples is contingent on the list of statutes that underlies the ban. Further, they do not cite a single case in which a court required this degree of specificity in a complaint challenging a similar ban.

Distilled, defendants' argument is that plaintiffs' request for relief should be more detailed, an issue not addressed in Twombly or Iqbal. Under Fed. R. Civ. P. 8(a)(3), a complaint must contain "a demand for the relief sought," but the Court of Appeals for Seventh Circuit has rejected the view that a complaint may be dismissed because of missing details in the request for relief. Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002) ("[F]ailure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6) (dismissal for failure to state a claim).") In reaching this conclusion, the court relied on Fed. R. Civ. P. 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he "has not demanded such relief in [his] pleadings."

6

Accordingly, I conclude that defendants have failed to show that plaintiffs' complaint should be dismissed for failing to list all the statutes that could be implicated by their claims.

Even if I assume that plaintiffs were required to identify in their complaint all the laws that they are challenging, defendants have not shown that the complaint is deficient in this respect. In their request for relief, plaintiffs say that they are challenging Wis. Const. § art. XIII, § 13 (which limits marriage to opposite-sex couples) as well as any provision in Wisconsin Statutes chapter 765 that refers to marriage as a relationship between a "husband" and a "wife" or otherwise uses sex-specific language. Defendants do not explain how that request fails to give them notice of the statutes being challenged.

It is true that the request for relief includes additional language to enjoin defendants from enforcing "any other sources of state law that operate to exclude same-sex couples from marriage or to deny recognition of the marriages of same-sex couples validly contracted in another jurisdiction." Am. Cpt., dkt. #26, at 42. Although the parties do not address this issue, there may be a plausible argument that the proposed injunction is not sufficiently specific to comply with Fed. R. Civ. P. 65(d)(1)(C), which states that an injunction must "describe in reasonable detail . . . the act or acts restrained or required." Further, unless plaintiffs identify additional statutes that could prevent them from marrying in Wisconsin or from obtaining legal recognition of a marriage obtained in another state, it is not clear why any potential injunction would need to include the more general language plaintiffs propose. In any event, concerns about the language of a possible injunction are premature before the merits of plaintiffs' claims have been resolved.

In their reply brief, defendants argue that they need to know all of the statutes implicated by plaintiffs' claims so that they can determine whether particular defendants "have enforcement authority for the statutes at issue." Dfts.' Reply Br., dkt. #96, at 5. That argument overlaps with defendants' argument regarding the personal involvement of defendants Chandler and Anderson, so I will address it below.

### C. Defendants Chandler and Anderson

Defendant Chandler is Secretary of the Department of Revenue; defendant Anderson is State Registrar. Defendants argue that the amended complaint must be dismissed as to Chandler and Anderson because plaintiffs do not identify these defendants' personal involvement in the alleged constitutional violation, as plaintiffs are required to do for a claim that arises under 42 U.S.C. § 1983.

Plaintiffs are correct that, when a plaintiff is not seeking damages, but only injunctive relief, "it is irrelevant whether the [defendant] participated in the alleged violations." Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). However, that does not mean that plaintiffs can seek an injunction from anyone they wish. "[A] claim for injunctive relief can stand only against someone who has the authority to grant it." Williams v. Doyle, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007). In other words, plaintiffs must identify some relief that a particular defendant can give them to justify his or her inclusion in the lawsuit.

With respect to defendant Anderson, plaintiffs have done that. Both sides note that he is required to "prescribe forms for blank applications, statement, consent of parents,

affidavits, documents and other forms" related to obtaining a marriage license. Wis. Stat. § 765.20(1). Thus, if plaintiffs prevail on their claims, they could seek an injunction requiring Anderson to amend these documents so that they are inclusive of same-sex couples. Defendants' unsupported statement in their reply brief that Anderson does not have "any role in enforcing any law that Plaintiffs say is unconstitutional," Dfts.' Reply Br., dkt. #96, at 9, is simply incorrect. Defendants *are* correct that plaintiffs' discussion of Anderson's authority under § 765.20 is in plaintiffs' brief rather than their complaint, but defendants do not explain why this matters. Even if I assume that plaintiffs should have put this information in their complaint, the Court of Appeals for the Seventh Circuit has stated that a party "may elaborate on her allegations [in a brief] so long as the elaborations are consistent with the pleading." Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 555-56 (7th Cir. 2012). Defendants do not identify any prejudice they will suffer on account of which document the explanation is found.

  The situation is different for defendant Chandler, whose only alleged role is that he enforces tax statutes that give married couples certain benefits. Plaintiffs say that they are harmed by Chandler because they cannot receive those benefits, but they do not suggest that Chandler has any authority over decisions regarding which couples can marry and they do not identify any relief that they can obtain from Chandler in the context of this case. Presumably, if plaintiffs prevail in this lawsuit and obtain the right to marry, there would be no impediment to their claiming tax benefits that any other married couple could receive. Even if I assume that Chandler could try to obstruct plaintiffs' ability to receive those

9

benefits, it would be premature to issue an injunction in this case requiring Chandler to treat same-sex couples equally.  The question in this case is limited to whether plaintiffs have a federal constitutional right to marry, so any injunction that issues in this case should be limited to public officials who are blocking plaintiffs' access to marriage.  In the event that plaintiffs' right to marry is recognized, issues that may arise later will have to be resolved then.  Accordingly, I am granting defendants' motion to dismiss the complaint as to defendant Chandler.

Defendants' argument about personal involvement is limited to defendants Chandler and Anderson, so those are the only two defendants that I have considered in this order. However, plaintiffs are reminded that, if they prevail on their claims, it will not be enough to seek a general injunction to stop defendants from enforcing unconstitutional laws. Rather, under Fed. R. Civ. P. 65(d)(1)(C), they will have to propose an injunction that identifies the particular actions by each defendant that they wish to order or enjoin.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Scott Walker, J.B. Van Hollen, Richard G. Chandler, Oskar Anderson, Gary King and John Chisholm, dkt. #66, is GRANTED with respect to defendants Gary King, John Chisholm and Richard G. Chandler. The complaint is DISMISSED as to defendants King, Chisholm and Chandler.

The motion is DENIED in all other respects discussed in this order.

Entered this 30th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge