IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VIRGINIA WOLF and CAROL
SCHUMACHER; KAMI YOUNG and
KARINA WILLES; ROY BADGER and
GARTH WANGEMANN; CHARVONNE
KEMP and MARIE CARLSON; JUDITH
TRAMPF and KATHARINA HEYNING;
SALUD GARCIA and PAM KLEISS;
WILLIAM HURTUBISE and LESLIE
PALMER; and JOHANNES WALLMANN
and KEITH BORDEN,

        Plaintiffs,

    v.          Case No. 14-C-00064-bbc

SCOTT WALKER; J.B. VAN HOLLEN;
RICHARD G. CHANDLER; OSKAR
ANDERSON; GARY KING; JOHN
CHISHOLM; JOSEPH CZARNEZKI;
WENDY CHRISTENSEN; and
SCOTT MCDONELL,

        Defendants.

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF**

  Now come Julaine K. Appling, Jo Egelhoff, Jaren E. Hiller, Richard Kessenich and Edmund L. Webster ("*Amici*"), by and through their counsel, Michael D. Dean, First Freedoms Foundation, Inc., and respectfully request leave of this Court to file an Amicus Curiae Brief on or before May 14, 2014. In support, *Amici* state as follows:

  1. Plaintiffs in this action challenge the constitutionality of Art. XIII, Sec. 13 of the Wisconsin Constitution, popularly known as the "Marriage Amendment." In 2006, as required by Art. XII, Sec. 1 of the Wisconsin Constitution, the Amendment was ratified by voters in a

statewide referendum following approval by the state legislature in successive biennial sessions.

2. *Amici* are an officer and corporate directors of Wisconsin Family Action ("WFA"), a Wisconsin not-for-profit organization engaged in public education and advocacy regarding marriage, family and social issues. Amicus Julaine Appling is president of WFA, and is also president of Wisconsin Family Council, a Wisconsin not-for-profit organization engaged in public education regarding those issues.

3. Appling and WFA led the effort in drafting and approval of the Amendment by the legislature in its 2003-04 and 2005-06 sessions. Appling then served as director of both WFA's 2006 ratification campaign, Vote Yes For Marriage, and the Wisconsin Coalition for Traditional Marriage, a Wisconsin not-for-profit organization which engaged in public education regarding the Amendment and related family and marriage issues. Other *Amici* also served leading roles in the legislative approval process and voter ratification campaign.

4. In 2009, the Wisconsin legislature enacted Chapter 770 of the Wisconsin Statutes as part of the 2009-11 state budget, 2009 Wisconsin Act 28. Ch. 770 creates and defines the legal status of domestic partnerships for same-sex couples. It is placed in the "Family" division of the Wisconsin statutes, Chs. 766 - 770, and establishes procedures for creation and official recognition of domestic partnerships that are similar to those for creation and recognition of marriage. 2009 Act 28 also included numerous amendments to other Wisconsin Statutes that accord to members of domestic partnerships a variety of rights and benefits previously accorded exclusively to married spouses.

5. On August 18, 2010, shortly after Ch. 770 took effect, *Amici* commenced an action in the Circuit Court for Dane County, Wisconsin. They alleged that Ch. 770 violates the Marriage Amendment because the core constituent elements, procedures for creation and recognition, and

key statutory rights and benefits of domestic partnerships are "substantially similar" to those of marriage, contrary to the Amendment's prohibition against creation of such legal statuses. *Amici* are Plaintiffs-Appellants-Petitioners in that action, which is now pending decision before the Wisconsin Supreme Court, captioned *Appling v. Walker*, Case No. 2011 AP 157.

6. The Seventh Circuit has directed that "An amicus brief should normally be allowed . . . when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted).

7. *Accord, Nat'l Org. for Women, Inc. v. Scheidler,* 223 F.3d 615, 617 (7th Cir.2000) (following *Ryan*, 125 F.3d at 1063, holding that permission to file an amicus brief is appropriate ". . . when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court . . . beyond what the parties are able to do.")

8. Unquestionably, *Amici* have a direct interest in *Appling v. Walker*, and the outcome in this case will materially affect that interest because Plaintiffs seek here to invalidate as unconstitutional the Wisconsin Marriage Amendment which *Amici* seek to uphold and enforce in *Appling v. Walker.*

9. Further, *Amici* not only played principal roles in drafting, passage and ratification of the Amendment, they have now spent the last four years litigating its history, meaning and effect. Clearly they have "a unique perspective, or information, that can assist the court . . . beyond what the parties are able to do."

10. Of particular significance, the United States Supreme Court has concluded that "'regulation of domestic relations' is 'an area that has long been regarded as a virtually exclusive province of the States,'" *United States v. Windsor*, ___ U.S. ___, 133 S. Ct. 2675, 2691 (2013) (citing *Sosna v. Iowa,* 419 U.S. 393, 404, 95 S.Ct. 553), and that "The significance of state responsibilities for the definition and regulation of marriage dates to the Nation's beginning; for 'when the Constitution was adopted the common understanding was that the domestic relations of husband and wife and parent and child were matters reserved to the States . . . .'" *Windsor*, 133 S. Ct. at 2691 (citing *Ohio ex rel. Popovici v. Agler,* 280 U.S. 379, 383–384, 50 S.Ct. 154, 155).

11. Unquestionably, ratification of the Amendment by the people of Wisconsin in 2006 was a profoundly significant exercise of their right and authority reserved to them by the United States Constitution to provide for "regulation of domestic relations."

12. Plaintiffs now request this Court to intervene in that "exclusive province" of the people and to overturn the Amendment expressing their judgment. To date, however, the State of Wisconsin has not been substantively involved in defending or litigating the validity or meaning of the Amendment.

13. Upon commencement of *Appling v. Walker* in 2010, Gov. Doyle and the Wisconsin legislature originally retained outside counsel, Attorney Lester Pines, to defend against *Amici's* action. Governor Walker was elected later that year, and in May, 2011, moved to withdraw the answer and summary judgment motion previously filed by Attorney Pines. The Governor's motion was granted, and the defense in *Appling v. Walker* has since been provided by the advocacy group FAIR Wisconsin and several individual parties who had previously intervened.

14. To date, therefore, *Amici* are the only parties with interests adverse to Plaintiffs who

have engaged in substantive litigation regarding the meaning and application of the Amendment. Their perspective and contribution to this litigation will reflect their knowledge and experience drafting and obtaining legislative approval and ratification of the Amendment, as well as their experience and expertise gained over the last four years litigating its validity, meaning and application.

WHEREFORE, proposed *Amici* respectfully request leave of this Court to file an Amici Curiae Brief consistent with this Motion on or before May 14, 2014.

Respectfully submitted this 5th day of May, 2014.

COUNSEL FOR
PROPOSED AMICI CURIAE

JULAINE K. APPLING, JO EGELHOFF,
JAREN E. HILL, RICHARD KESSENICH
AND EDMUND L. WEBSTER

By: /s/ Michael D. Dean
Michael D. Dean, SBN 1019171
First Freedoms Foundation, Inc.
17035 W. Wisconsin Avenue, Suite 100
Brookfield, WI 53005
(262) 798-8044
miked@michaelddeanllc.com

William C. Duncan (admission pending)
Marriage Law Foundation
1868 N 800 E
Lehi, UT 84043
duncanw@marriagelawfoundation.org