IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VIRGINIA WOLF and CAROL
SCHUMACHER, KAMI YOUNG and
KARINA WILLES, ROY BADGER and
GARTH WANGEMANN, CHARVONNE
KEMP and MARIE CARLSON, JUDITH
TRAMPF and KATHARINA HEYNING,
SALUD GARCIA and PAM KLEISS,
WILLIAM HURTUBISE and LESLIE
PALMER, and JOHANNES
WALLMANN and KEITH BORDEN,

      Plaintiffs,

  v.                                            Case No. 14-C-00064-SLC

SCOTT WALKER, J.B. VAN HOLLEN,
OSKAR ANDERSON, JOSEPH
CZARNEZKI, WENDY CHRISTENSEN,
and SCOTT MCDONELL,

      Defendants.

---

### STATE DEFENDANTS' EMERGENCY MOTION
### FOR TEMPORARY STAY

---

An hour after the Court entered its Opinion and Order, Dane and Milwaukee County officials informed the press that they would immediately begin issuing marriage licenses to same-sex couples. *See, e.g.,* [http://www.jsonline.com/news/statepolitics/federal-judge-overturns-wisconsins-gay-marriage-ban-b99286138z1-262161851.html](http://www.jsonline.com/news/statepolitics/federal-judge-overturns-wisconsins-gay-marriage-ban-b99286138z1-262161851.html); http://us2.campaign-

archive2.com/?u=a228fef6f2b7dafef7ceed21a&id=5ac0ddbd80&e=21de97a90c, last checked June 6, 2014. Moreover, Dane County has stated it will waive the five-day waiting period to issue marriage licenses. *See* http://www.washingtonpost.com/national/judge-strikes-down-wisconsin-gay-marriage-ban/2014/06/06/1ab5266e-edbe-11e3-8a8a-e17c08f80871_story.html. Since the Court's ruling, marriage licenses have, in fact, been issued to same-sex couples in Wisconsin.

This is precisely the type of confusion and uncertainty that the State Defendants intended to avoid by requesting a motion to stay. The Court's Opinion and Order (Dkt.118) does not appear to have been intended to create such uncertainty. On the contrary, the Court expressly refrained from issuing any injunctive relief and issued a schedule for further proceedings on any such injunctive relief, and held State Defendants' stay motion in abeyance pending the outcome of the scheduled proceedings regarding injunctive relief.

The U.S. Supreme Court, and more recently, the Ninth Circuit and Sixth Circuit, have maintained the status quo after district courts have found state laws banning same-sex marriage unconstitutional. *See Herbert v. Kitchen*, 134 S. Ct. 893 (Jan. 6, 2014); *Latta v. Otter*, No. 14-35420, at 5 (9th Cir. May 20, 2014) (*Herbert* "provides a clear message—the Court (without noted dissent) decided that district court injunctions against the application of laws

forbidding same-sex unions should be stayed at the request of state authorities pending court of appeals review"); *Tanco v. Haslam*, No. 14-5297, at 1-2 (6th Cir. Apr. 25, 2014) ("a stay of the district court's order pending consideration of this matter by a merits panel of this Court is warranted"); *DeBoer v. Snyder*, No. 14-1341 (6th Cir. Mar. 25, 2014) ("[t]here is no apparent basis to distinguish this case or to balance the equities any differently than the Supreme Court did in [*Herbert*]"). Yesterday, the Circuit Court of Appeals for the Tenth Circuit postponed until at least June 12, 2014 the District of Utah court's order requiring the recognition of marriages conducted after the district court's *Kitchen* decision (961 F. Supp. 2d 1181 (D. Utah 2013)) but before the Supreme Court granted its stay. *See Evans v. State of Utah*, 14-4060 (10th Cir. June 5, 2014).

The Milwaukee and Dane County clerks' issuance of marriage licenses to same-sex couples this weekend creates the non-uniform result that some same-sex couples can marry and others cannot. Further, like the Utah couples who married before Justice Sotomayor stayed the district court's ruling in *Kitchen*, those couples who marry may be thrown into legal limbo depending on further developments in the case.

State Defendants request the Court clarify its June 6, 2014, Opinion and Order (Dkt.118) to preserve the status quo until the Court has entered injunctive relief and decides State Defendants' motion to stay (Dkt.115, 116.)

State Defendants further request the Court immediately issue a temporary stay to preserve the status quo until its final decision on the scope of injunctive relief and State Defendants' pending stay motion.

Alternatively, State Defendants request the Court schedule an emergency telephonic hearing to clarify the scope of its order. Such a request is reasonable under the circumstances, particularly in light of the Supreme Court's ruling in *Herbert*, 134 S. Ct. 893.

Dated this 6th day of June, 2014.

Respectfully submitted,

J.B. VAN HOLLEN
Attorney General

s/Timothy C. Samuelson
TIMOTHY C. SAMUELSON
Assistant Attorney General
State Bar #1089968

THOMAS C. BELLAVIA
Assistant Attorney General
State Bar #1030182

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

Attorneys for Defendants,
Scott Walker, J.B. Van Hollen,
and Oskar Anderson


Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3542 (Samuelson)
(608) 266-7477 (Kawski)
(608) 266-8690 (Bellavia)
(608) 267-2223 (fax)
*samuelsontc@doj.state.wi.us*
*kawskicp@doj.state.wi.us*
*bellaviatc@doj.state.wi.us*

- 5 -