IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIRGINIA WOLF and CAROL SCHUMACHER,
KAMI YOUNG and KARINA WILLES,
ROY BADGER and GARTH WANGEMANN,
CHARVONNE KEMP and MARIE CARLSON,
JUDITH TRAMPF and KATHARINA HEYNING,
SALUD GARCIA and PAMELA KLEISS,
WILLIAM HURTUBISE and LESLIE PALMER,
JOHANNES WALLMANN and KEITH BORDEN,

                                                                    ORDER

                Plaintiffs,

                                                     14-cv-64-bbc

       v.

SCOTT WALKER, in his official capacity as
Governor of Wisconsin,
J.B. VAN HOLLEN, in his official capacity as
Attorney General of Wisconsin,
OSKAR ANDERSON, in his official capacity as
State Registrar of Wisconsin,
JOSEPH CZARNEZKI, in his official capacity as
Milwaukee County Clerk,
WENDY CHRISTENSEN, in her official capacity as
Racine County Clerk and
SCOTT MCDONELL, in his official capacity as
Dane County Clerk,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A motion hearing was held in this case on June 9, 2014 before United States District Judge Barbara B. Crabb. Plaintiffs appeared by Laurence Dupuis, John Knight, Gretchen Helfrich and Frank Dickerson. Defendants Scott Walker, J.B. Van Hollen and Oskar

1

Anderson appeared by Timothy Samuelson, Clayton Kawski and Thomas Bellavia. Defendant Joseph Czarnezki appeared by Paul Bargren.  Defendant Scott McDonell appeared personally and by David Gault.  Defendant Wendy Christensen appeared by Johnathan Lehman.

In their motion, defendants Walker, Van Hollen and Anderson request that the court "clarify its June 6, 2014, Opinion and Order (Dkt.118) to preserve the status quo" and also "immediately issue a temporary stay to preserve the status quo until its final decision on the scope of injunctive relief."  For the reasons stated below, I am denying the motion.

Because defendants filed a notice of appeal this morning, dkt. #120, the threshold question is whether this court retains jurisdiction over the case.   The general rule is that "a district court is divested of jurisdiction once a notice of appeal is filed." Ameritech Corp. v. International Brotherhood of Electrical Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008).  However, one of the exceptions to this rule is that "an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision." Wisconsin Mutual Insurance Co. v. United States, 441 F.3d 502, 504-05 (7th Cir. 2006).  The June 6 order is not a final order because it  "left unresolved [plaintiffs'] demand for injunctive relief." Riley v. Kennedy, 553 U.S. 406, 419 (2008) ("We have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final.").  See also Sims v. EGA Products, Inc., 475 F.3d 865, 870 (7th Cir. 2007) ("Orders are not final unless they leave nothing for the district court to do."). Accordingly, I conclude that I have jurisdiction to resolve defendants' motion and to

2

continue to a resolution of the case.

With respect to the merits of the motion, defendants have not shown that they are entitled to relief at this time. The authority defendants cite in their briefs relate to stays of injunctions, Fed. R. Civ. P. 62(c); Herbert v. Kitchen, 134 S. Ct. 893 (Jan. 6, 2014); Latta v. Otter, No. 14-35420, at 5 (9th Cir. May 20, 2014); Tanco v. Haslam, No. 14-5297, at 1-2 (6th Cir. Apr. 25, 2014); DeBoer v. Snyder, No. 14-1341 (6th Cir. Mar. 25, 2014), but, as defendants know, I have not issued an injunction in this case. Rather, I deferred a ruling on that issue until plaintiffs could propose more specific language about the injunction they were requesting. Although I included a declaration in the order, defendants were unable to cite any authority for the proposition that a court may "stay" a declaration.

I understand defendants' concern that some county clerks have been issuing marriage licenses to same-sex couples since I issued the June 6 decision, but that is not a result of an injunction by this court. Thus, if defendants believe that a particular county clerk is issuing a marriage license in violation of state law, that is an issue outside the scope of this case.

Plaintiffs have represented to the court that they will provide language for a proposed injunction today. In doing so, plaintiffs should take care to identify what they want each defendant to do. Under Fed. R. Civ. 65, plaintiffs must identify the particular acts they want defendants to perform or refrain from performing. Nuxoll ex rel. Nuxoll v. Indian Prairie School Dist. #204, 523 F.3d 668, 675 (7th Cir. 2008) (under Rule 65, injunction "must contain a detailed and specific statement of its terms").

It is clear enough what plaintiffs want the county clerks to do, which is issue marriage

3

licenses. From previous briefs, it is also relatively clear what plaintiffs want defendant Anderson (the state registrar) to do, which is to amend the state marriage forms in accordance with his authority under Wis. Stat. § 765.20(1) so that the forms are inclusive of same-sex couples. However, it is still unclear what specific acts plaintiffs want defendants Walker and Van Hollen to perform or refrain from performing. It is not enough to say that defendants should be enjoined from enforcing unconstitutional laws without identifying the particular acts involved in that enforcement.

Once both sides have had an opportunity to weigh in on the appropriate scope of the injunction, I may enter judgment and determine whether the injunction should be stayed pending appeal.

ORDER

IT IS ORDERED that the motion for an emergency stay filed by Scott Walker, J.B. Van Hollen and Oskar Anderson, dkt. #119, is DENIED.

Entered this 9th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge