IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VIRGINIA WOLF and CAROL
SCHUMACHER, KAMI YOUNG and
KARINA WILLES, ROY BADGER and
GARTH WANGEMANN, CHARVONNE
KEMP and MARIE CARLSON, JUDITH
TRAMPF and KATHARINA HEYNING,
SALUD GARCIA and PAM KLEISS,
WILLIAM HURTUBISE and LESLIE
PALMER, and JOHANNES
WALLMANN and KEITH BORDEN,

      Plaintiffs,

  v.                            Case No. 14-C-00064-SLC

SCOTT WALKER, J.B. VAN HOLLEN,
OSKAR ANDERSON, JOSEPH
CZARNEZKI, WENDY CHRISTENSEN,
and SCOTT MCDONELL,

      Defendants.

**STATE DEFENDANTS' OPPOSITION
TO PLAINTIFFS' PROPOSED PERMANENT INJUNCTION**

Pursuant to the Court's June 6, 2014, Opinion and Order (ECF 118:87, ¶4), Defendants Scott Walker, J.B. Van Hollen, and Oskar Anderson (the "State Defendants"), by their undersigned counsel, respond in opposition to Plaintiffs' proposed permanent injunction (ECF 126, 126-1). State Defendants respectfully request that the Court expedite its ruling and

enter final judgment without further hearing or oral argument. State Defendants further request the Court immediately grant their Contingent Motion to Stay (ECF 114, 115, 116) and stay any relief at the time it is ordered to preserve the status quo for when an appeal is filed.

The Court, in its April 30, 2014, opinion and order, addressed the potential injunctive relief in this case:

> [P]laintiffs are reminded that, if they prevail on their claims, it will not be enough to seek a general injunction to stop defendants from enforcing unconstitutional laws. Rather, under Fed. R. Civ. P. 65(d)(1)(C), they will have to propose an injunction that identifies the particular actions by each defendant that they wish to order or enjoin.

(ECF 97:10.) State Defendants oppose and object to Plaintiffs' proposed permanent injunction (ECF 126-1) because Plaintiffs fail to identify the particular actions by each defendant that they wish to order or enjoin and purport to enjoin persons that have nothing to do with Wisconsin marriage laws.

Plaintiffs' three-page seven-paragraph proposed permanent injunction falls short of Rule 65's requirements. Each and every paragraph violates Rule 65 in one or more ways as discussed below.

## ARGUMENT

Initially, as a threshold matter, State Defendants generally object to Plaintiffs' proposed permanent injunction on the basis that no injunctive relief is warranted. State Defendants contend, as discussed more fully in

their memorandum in opposition to Plaintiffs' motion for summary judgment (ECF 102) and in amici curiae's brief (ECF 109), that the laws at issue are not unconstitutional and that Plaintiffs' proposed permanent injunction (ECF 126-1) is therefore improper and unwarranted.

## I.  Plaintiffs' Proposed Injunction Does Not Comply With The Specificity Requirement Of Fed. R. Civ. P. 65(D)(1).

The Court previously held that Plaintiffs must "propose an injunction that identifies the particular actions by each defendant that they wish to order or enjoin." (ECF 97:10.)

Federal Rule of Civil Procedure 65(d)(1) states:

> (1) *Contents.* Every order granting an injunction and every restraining order must:
>
> (A) state the reasons why it issued;
>
> (B) state its terms specifically; and
>
> (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

Plaintiffs' proposed permanent injunction does not comply with the Court's April 30, 2014, opinion and order or the specificity requirements of Federal Rule of Civil Procedure 65(d)(1). The Seventh Circuit has carefully hewn to the requirements of Rule 65(d). *See Wisconsin Right to Life, Inc. v. Barland*, --- F.3d ----, 2014 WL 1929619, at *23 (7th Cir. May 14, 2014) (remanding to the district court for the entry of a new injunction that would comply with Rule 65(d)(1)).

- 3 -

To satisfy Rule 65(d), an injunction must be "detailed and specific," as well as "precise and self-contained." *PMC, Inc. v. Sherwin-Williams Co.,* 151 F.3d 610, 619 (7th Cir. 1998); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 299 F.3d 643, 646 (7th Cir. 2002). Congress established these strict requirements because judicial contempt power is a "potent weapon," and a "deadly one" if the injunction leaves the respondent to guess at what is required. *Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 73-76 (1967) (requiring that every injunction must contain "an operative command capable of 'enforcement.'"). *See also Schmidt v. Lessard,* 414 U.S. 473, 476 (1974) (finding that because "an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."); *Patriot Homes, Inc. v. Forest River Housing, Inc.,* 512 F.3d 412, 415 (7th Cir. 2008) (vacating injunction that required "guesswork" to determine exactly what activities were proscribed). To be valid, an injunction must give the enjoined party "clear and exact knowledge of the duties it imposes on him," and the duties must be obtainable from reading the injunction "and nothing else." *PMC,* 151 F.3d at 619.

Plaintiffs' proposed permanent injunction is not sufficiently specific to satisfy Rule 65(d)(1) because one cannot ascertain which laws are subject to it, and how they are actually enjoined. *See Hughey v. JMS Dev. Corp.,*

78 F.3d 1523, 1532 n. 12 (11th Cir. 1996) ("[a] person enjoined by court order should only be required to look within the four corners of the injunction to determine what he must do or refrain from doing."). Moreover, the proposed injunction does not "identify[y] the particular actions" to be enjoined nor does it "state its terms specifically" or "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B), (C). It is, therefore, insufficient.

### A. Plaintiffs' proposed permanent injunction fails to identify the persons subject to it and purports to enjoin persons without enforcement authority.

The Court's April 30, 2014, opinion and order also addressed the scope of potential relief.

> The question in this case is limited to whether plaintiffs have a federal constitutional right to marry, so any injunction that issues in this case should be *limited to public officials who are blocking plaintiffs' access to marriage.*

(ECF 97:10.) Plaintiffs' proposed permanent injunction runs afoul of the Court's limitation direction because it is expansive in scope.

Paragraph 6 of Plaintiffs' proposed permanent injunction is directed at Governor Walker and Attorney General Van Hollen, and Paragraph 7 at Governor Walker. (ECF 21-1:2-3, ¶¶6-7.) Neither is a public official with statutory authority to either validate or invalidate a marriage. Furthermore, neither is vested with statutory authority to take any action in regard to a marriage license under Chapter 765.

Attorney General Van Hollen's statutory authority does not include enforcement power relating to Plaintiffs' purported right to marriage. Thus, injunctive relief should not be issued against him. *See Deida v. City of Milwaukee*, 192 F. Supp. 2d 899, 911-912 (E.D. Wis. 2002) (granting motion to dismiss Wisconsin Attorney General where he had no enforcement powers over the statutes at issue; "because the Attorney General has no power to enforce [the statutes at issue] against plaintiff, he has not caused her injuries and an injunction or declaratory judgment would not remedy them.")

Governor Walker has only a generalized duty to execute the laws under Article V, § 4 of the Wisconsin Constitution. He does not enforce any of the specific laws that are challenged in this case. *Cf. Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 330-31 (4th Cir. 2001) (concluding governor's general duty to enforce the laws of Virginia insufficient when he lacks a specific duty to enforce the challenged statutes); *Okpalobi v. Foster,* 244 F.3d 405, 422-25 (5th Cir. 2001) (en banc) (constitutional challenge to state tort statute against Governor and Attorney General not viable under the *Ex Parte Young* [209 U.S. 123, 157 (1908)] doctrine because no enforcement connection existed between Governor or Attorney General and the statute in question); *1st Westco Corp. v. Sch. Dist. of Philadelphia,* 6 F.3d 108, 112-13, 116 (3d Cir. 1993) ("If we were to allow [plaintiffs] to join . . . [the State officials] in this lawsuit based on their general obligation to enforce the laws

- 6 -

. . . we would quickly approach the nadir of the slippery slope; each state's high policy officials would be subject to defend every suit challenging the constitutionality of any state statute, no matter how attenuated his or her connection to it.").

Additionally, Plaintiffs' proposed permanent injunction is not specific enough to satisfy Rule 65(d)(1) because one cannot ascertain which state actors are being enjoined. Every paragraph of Plaintiffs' proposed permanent injunction extends far beyond the parties or the "public officials who are blocking plaintiffs' access to marriage" (ECF 97:10), extending to "officers, agents, servants, employees and attorneys, and all those acting in concert with them." (ECF 126-1:1-3, ¶¶ 1-7.)[1] Plaintiffs' proposed injunction is improper because it is unclear from the four corners of the document who is being enjoined. *See Hughey*, 78 F.3d at 1532 n. 12. Moreover, the facial ambiguity is compounded because the proposed language is open-ended, extending to anyone even arguably acting "in concert" with any government employee. This is the opposite of precise, self-contained terms. *PMC,* 151 F.3d at 619. For example, are county registrars of deeds enjoined? Or clerks

---

[1] Paragraph 7 is particularly overbroad, as it purports to enjoin Governor Walker "and his officers, agents, servants, employees and attorneys, and all those acting in concert with them," as well as "all department heads, independent agency heads, or other executive officers appointed by the Governor under Wis. Stat. ch. 15 and their officers, agents, servants, employees and attorneys, and all those acting in concert with them." (ECF 126-1:3, ¶7.) This practically extends to every Wisconsin government employee.

in other counties? The proposed language is not specific enough to satisfy Rule 65(d)(1)(C).

Injunctions are capable of enforcement by judicial contempt proceedings; persons subject to injunctions should be explicitly made aware of their obligations. Any injunction should at the very least clearly identify the covered actors and be limited to persons who are blocking Plaintiffs' access to marriage.

### B. Plaintiffs' proposed permanent injunction is vague and overbroad.

Plaintiffs' proposed permanent injunction is vague regarding the laws covered by it. Plaintiffs refer to "any Wisconsin statutory provisions limiting marriage to different-sex couples, including those in Wis. Stat. ch. 765, so as to deny same-sex couples the same rights to marry that are provided to different-sex couples." (ECF 126-1:1, ¶1.) For example, the proposed injunction fails to even identify the covered statutes (*e.g.*, Wis. Stat. § 765.01, 765.15(1m), 765.16(1m)(c), 765.23, 765.24, 765.30(3)). Similarly, reference to enjoining the Governor and Attorney General to provide "the same rights, protections and benefits of marriage . . ." and the Governor to provide "all state law rights . . ." is similarly vague, ambiguous and confusing.

(ECF 126-1:1, ¶¶6, 7.)[2]  The law covered by the injunction is subject to guesswork.

Plaintiffs' proposed permanent injunction is also vague regarding the acts required by it.  For example, Paragraph 2 purports to enjoin the clerk defendants "to issue marriage licenses to couples who, *but for their sex*, satisfy all the requirements to marry under Wisconsin law."  (*See* ECF 126-1:1, ¶2.)  What this actually means is unknown.

## II.   Plaintiffs' Proposed Injunction Is An Improper Order To "Obey The Law."

Plaintiffs' proposed permanent injunction purports to have defendants do nothing more than obey the law.  (*See, e.g.*, #126-1, ¶¶ 1-3, 6-7.)  Such directive is hopelessly vague, as no standard for determining adequacy is specified.  This violates Rule 65's requirement that an injunction be detailed and specific.  *PMC,* 151 F.3d at 619 (injunction that required defendant to take "full responsibility" for cleanup "is hopelessly vague").

For example, Paragraph 7 of Plaintiffs' proposed permanent injunction purports to enjoin Governor Walker to

---

[2] Dozens of other statutes beyond Chapter 765 use the terms "husband" and "wife." *See, e.g.,* Wis. Stat. §§ 11.05, 29.219, 45.51, 48.02, 48.82, 49.19, 71.03.  A Westlaw search revealed 83 instances of Wisconsin statutes using the term "husband" in the same sentence as the term "wife."  Whether Paragraphs 6 and 7 purport to address these 83 statutes is not evident based upon the four corners of the proposed injunction.

>use the full extent of [his] authority under art. V, § 4 of the Wisconsin Constitution to ensure that same-sex couples may marry and that same-sex couples lawfully married in Wisconsin or other jurisdictions are provided the same state law rights, protections, obligations and benefits of marriage that are provided to different-sex couples; and to direct all department heads, independent agency heads, or other executive officers appointed by the Governor under Wis. Stat. ch. 15 and their officers, agents, servants, employees and attorneys, and all those acting in concert with them to ensure that same-sex couples may marry in Wisconsin and to provide to same-sex couples lawfully married in Wisconsin or other jurisdictions all the state law rights, protections, obligations and benefits of marriage that are provided to different-sex couples.

(ECF 126-1:3, ¶7.) It is unclear what acts Governor Walker is being ordered to do to "use the full extent of [his] authority." That authority includes extraordinarily broad discretion to take a virtually unlimited variety of steps that might, in one way or another, help to "ensure" rights that have been declared by this Court. If any of those steps are to be compelled by the exercise of this Court's injunctive power, they need to be specified. The current form of the injunction does not supply the requisite specificity and hence fails to satisfy Rule 65(d)(1)(C).

Paragraph 7 and other paragraphs of Plaintiffs' proposed injunction are tantamount to improper "obey the law" injunctions that have been routinely overturned by the courts. *See, e.g., IDS Life Ins. Co. v. SunAmerica Life Ins. Co.,* 136 F.3d 537, 543 (7th Cir. 1998) (vacating on vagueness grounds portion of injunction that required defendant to desist from "unlawful insurance practices"); *Hughey,* 78 F.3d at 1531-32 (vacating injunction that required

defendant to desist from discharges of stormwater that violate Clean Water Act; this type of "obey the law" injunction "is violative of the standard of specificity required by" Rule 65). Accordingly, "courts will not countenance injunctions that merely require someone to 'obey the law.' " *Hughey,* 78 F.3d at 1531 (quoting *Payne v. Travenol Lab., Inc.,* 565 F.2d 895, 897–98 (5th Cir. 1978)); *Daniels v. Woodbury County, Iowa,* 742 F.2d 1128, 1134 (8th Cir. 1984) ("[A]n injunction which does little or nothing more than order the defendants to obey the law is not specific enough."). Paragraphs 1, 3 and 6 are similarly improper obey the law injunctions.

### III. Plaintiffs' Proposed Injunction Effectively Requires A Re-write Of Wisconsin Statutes.

Plaintiffs' proposed permanent injunction is improper because it would effectively require a re-write of the Wisconsin Statutes, including Wis. Stat. ch. 765. The Supreme Court has instructed federal courts to avoid "judicial legislation," *United States v. National Treasury Employees Union*, 513 U.S. 454, 479 (1995), and that is essentially what Plaintiffs are asking the Court to do here. For example, in paragraph 5 of Plaintiffs' proposed permanent injunction, Registrar Anderson is "enjoined to prescribe, furnish and distribute, under Wis. Stat. § 69.03(8), forms required for marriages under Wis. Stat. ch. 69 and Wis. Stat. § 765.20 that permit couples of the same sex to marry on the same terms as couples of different sexes."

(ECF 126-1:2, ¶5.) Wisconsin Stat. § 765.20 instructs the state registrar of vital statistics to "prescribe forms for blank applications, statement, consent of parents, affidavits, documents and other forms as are necessary to comply with the provisions of [chapter 765]." Wis. Stat. § 765.20(1).

To harmonize Plaintiffs' proposed permanent injunction and the provisions of Chapter 765, Chapter 765 would need to be affirmatively re-written to allow for same-sex marriage, as Wis. Stat. § 765.001(2) states that "[u]nder the laws of this state, marriage is a legal relationship between 2 equal persons, a husband and wife . . . ." Other parts of Chapter 765 also refer to a "husband" and "wife" and would need to be re-written. *See* Wis. Stat. § 765.01, 765.16(1m), 765.16(1m)(c), 765.23, 765.24, 765.30(3). *See also* n. 2, *supra*. The Court may no more replace the words "husband" and "wife" with alternative terms such as "spouse" than it may add the words "gender status" into Wis. Stat. § 106.50(1m)(h) or § 111.321 to protect rights of transgender individuals. These are acts of judicial lawmaking and not a proper exercise of the judicial power. A judge may strike and enjoin, not use a blue pencil to re-write.

## CONCLUSION

State Defendants oppose and object to Plaintiffs' proposed permanent injunction (ECF 126-1) for all of the foregoing reasons and respectfully request that the Court expedite its ruling and enter final judgment without

further oral argument. State Defendants further request the Court immediately grant their Contingent Motion to Stay (ECF 114, 115, 116) and stay any relief at the time it is ordered to preserve the status quo for when an appeal is filed.

Dated this 11th day of June, 2014.

            Respectfully submitted,

            J.B. VAN HOLLEN
            Attorney General


            s/Timothy C. Samuelson
            TIMOTHY C. SAMUELSON
            Assistant Attorney General
            State Bar #1089968

            THOMAS C. BELLAVIA
            Assistant Attorney General
            State Bar #1030182

            CLAYTON P. KAWSKI
            Assistant Attorney General
            State Bar #1066228

            Attorneys for Defendants
            Scott Walker, J.B. Van Hollen,
            and Oskar Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3542 (Samuelson)
(608) 266-7477 (Kawski)
(608) 266-8690 (Bellavia)
(608) 267-2223 (fax)
*samuelsontc@doj.state.wi.us*
*kawskicp@doj.state.wi.us*
*bellaviatc@doj.state.wi.us*