IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIRGINIA WOLF and CAROL SCHUMACHER,
KAMI YOUNG and KARINA WILLES,
ROY BADGER and GARTH WANGEMANN,
CHARVONNE KEMP and MARIE CARLSON,
JUDITH TRAMPF and KATHARINA HEYNING,
SALUD GARCIA and PAMELA KLEISS,
WILLIAM HURTUBISE and LESLIE PALMER,
JOHANNES WALLMANN and KEITH BORDEN,

                                         OPINION and ORDER

              Plaintiffs,

                                        14-cv-64-bbc

         v.

SCOTT WALKER, in his official capacity as
Governor of Wisconsin,
J.B. VAN HOLLEN, in his official capacity as
Attorney General of Wisconsin,
OSKAR ANDERSON, in his official capacity as
State Registrar of Wisconsin,
JOSEPH CZARNEZKI, in his official capacity as
Milwaukee County Clerk,
WENDY CHRISTENSEN, in her official capacity as
Racine County Clerk and
SCOTT MCDONELL, in his official capacity as
Dane County Clerk,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated June 6, 2014, dkt. #118, I denied defendants' motion to dismiss

and granted plaintiffs' motion for summary judgment on plaintiffs' claim that Wisconsin

laws banning same-sex couples from marrying violated the Fourteenth Amendment to the

1

United States Constitution.  However, I did not resolve plaintiffs' request for injunctive relief or defendants' request to stay the injunction because plaintiffs had not proposed an injunction that complied with the specificity requirement in Fed. R. Civ. P. 65(d). Accordingly, I gave both sides an opportunity to file supplemental materials regarding the content of the injunction.

In response to the court's request, plaintiffs submitted a seven-paragraph proposed injunction:

> 1. Defendants Wendy Christensen, Joseph Czarnezki and Scott McDonell, in their official capacities, and their officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined from enforcing art. XIII, § 13 of the Wisconsin Constitution and any Wisconsin statutory provisions limiting marriage to different-sex couples, including those in Wis. Stat. ch. 765, so as to deny same-sex couples the same rights to marry that are provided to different-sex couples.

> 2. Defendants Wendy Christensen, Joseph Czarnezki and Scott McDonell, in their official capacities, and their officers, agents, servants, employees and attorneys, and all those acting in concert with them are permanently enjoined to issue marriage licenses to couples who, but for their sex, satisfy all the requirements to marry under Wisconsin law.

> 3. Defendant Oskar Anderson, in his official capacity, and his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined from enforcing art. XIII, § 13 of the Wisconsin Constitution and any Wisconsin statutory provisions limiting marriage to different-sex couples, including those in Wis. Stat. ch. 765, so as to deny same-sex couples the same rights to marry that are provided to different-sex couples.

> 4. Defendant Oskar Anderson, in his official capacity, and his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined to accept for registration, assign a date of acceptance, and index and preserve original marriage documents and original divorce reports for couples of the same sex on the same terms as for couples of different sexes under Wis. Stat. § 69.03(5).

2

5. Defendant Oskar Anderson, in his official capacity, and his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined to prescribe, furnish and distribute, under Wis. Stat. § 69.03(8), forms required for marriages under Wis. Stat. ch. 69 and Wis. Stat. § 765.20 that permit couples of the same sex to marry on the same terms as couples of different sexes.

6. Defendants Scott Walker and J.B. Van Hollen, in their official capacities, and their officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined from enforcing art. XIII, § 13 of the Wisconsin Constitution and any Wisconsin statutory provisions limiting marriage to different-sex couples, including those in Wis. Stat. ch. 765, so as to deny same-sex couples the same rights to marry that are provided to different-sex couples or to deny same-sex couples lawfully married in Wisconsin or in other jurisdictions the same rights, protections, obligations and benefits of marriage under Wisconsin law that are provided to different-sex couples.

7. Defendant Scott Walker, in his official capacity, and his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined to use the full extent of their authority under art. V, § 4 of the Wisconsin Constitution to ensure that same-sex couples may marry and that same-sex couples lawfully married in Wisconsin or other jurisdictions are provided the same state law rights, protections, obligations and benefits of marriage that are provided to different sex couples; and to direct all department heads, independent agency heads, or other executive officers appointed by the Governor under Wis. Stat. ch. 15 and their officers, agents, servants, employees and attorneys, and all those acting in concert with them to ensure that same-sex couples may marry in Wisconsin and to provide to same-sex couples lawfully married in Wisconsin or other jurisdictions all the state law rights, protections, obligations and benefits of marriage that are provided to different-sex couples.

Dkt. #126-1.

After defendants objected to the proposed injunction on various grounds, dkt. #128, plaintiffs submitted an amended proposed injunction, dkt. #132-1, in which they added a new paragraph related to defendant Van Hollen:

Defendant J.B. Van Hollen, in his official capacity, and his officers, agents,

3

servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined from initiating any prosecution of a county clerk under Wis. Stat. § 765.30(2)(b) for issuing a marriage license to a same-sex couple, or any prosecution of an officiant under § 765.30(3)(a) for solemnizing a marriage by a same-sex couple.

In addition, plaintiffs have proposed new language with respect to defendant Anderson that relates to birth certificates. In paragraph four, plaintiffs ask that Anderson be required to:

accept for registration, assign a date of acceptance, and index and preserve original birth certificates, under Wis. Stat. § 69.03(5), for children born to same-sex couples who were married at the time of the child's birth so that both spouses are listed on the birth certificate as parents; and to accept for registration, assign a date of acceptance, and index and preserve any other vital records, under Wis. Stat. § 69.03(5), in which a spouse's name is recorded so that same-sex spouses are treated the same as different-sex spouses.

In paragraph five, plaintiffs ask that Anderson be required to:

prescribe, furnish and distribute, under Wis. Stat. § 69.03(8), forms required for birth certificates that permit married same-sex couples to designate both spouses as parents; and to prescribe, furnish and distribute, under Wis. Stat. § 69.03(8), forms required for any other vital records in which a spouse's name is recorded so that same-sex spouses are treated the same as different-sex spouses.

On June 13, 2014, a hearing was held to resolve disputes about the content of the injunction and to decide whether to stay the injunction when it issued. Plaintiffs appeared by John Knight, Gretchen Helfrich, Frank Dickerson and Jim Esseks. Defendants Walker, Van Hollen and Anderson appeared by Timothy Samuelson, Clayton Kawski and Daniel Lennington. Defendant McDonell appeared personally and by David Gault. Defendant Czarnezki appeared by Paul Bargren. Defendant Christensen appeared by Michael

Langsdorf.

After considering the written materials submitted by the parties and their arguments at the hearing, I am adopting some of the language in plaintiffs' proposed injunction, modifying some of the language and eliminating some, for the reasons discussed below.  In addition, I conclude that Herbert v. Kitchen, 134 S. Ct. 893 (2014), compels me to stay the injunction.


## A.  Content of the Injunction

Rule 65(d) of the Federal Rules of Civil Procedure requires that an injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts sought to be restrained or required."  Paragraphs (1), (3) and (6) of plaintiffs' proposed injunction do not meet that standard.  In each of these paragraphs, plaintiffs ask that defendants be enjoined from "enforcing" the unconstitutional laws without identifying any particular acts of possible enforcement.  Vague injunctions that do no more than require parties to "follow the law" are disfavored.  EEOC v. AutoZone, Inc.,  707 F.3d 824, 841 (7th Cir. 2013) ("An injunction that does no more than order a defeated litigant to obey the law raises several concerns.").  Two related problems with this type of injunction are that it fails to give the defendants adequate notice of conduct that is required or prohibited and it makes disputes about potential violations of the injunction that much more difficult to resolve.  Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 646 (7th Cir. 2002).

At the hearing, counsel for plaintiffs said that it simply was too difficult to be more

specific in these provisions, but if plaintiffs are unable to articulate what they want defendants to do, then it would be equally problematic for defendants to determine for themselves what is required and prohibited.  Thus, it is in the interest of all parties to make the requirements in the injunction as clear and precise as possible.  As defendants point out, the Court of Appeals for Seventh Circuit has not hesitated to reject injunctions that do not comply with the content requirements of Fed. R. Civ. P. 65.  Wisconsin Right To Life, Inc. v. Barland, No. 12-2915, — F.3d — ,  2014 WL 1929619, *23 (7th Cir. May 14, 2014) (ordering district court to amend injunction to comply with specificity requirement in Rule 65 even though none of the parties raised that issue on appeal); Patriot Homes, Inc. v. Forest River Housing, Inc., 512 F.3d 412, 415 (7th Cir. 2008) (vacating injunction that "require[d] a lot of guesswork on [defendant's] part in order to determine if it is engaging in activities that violate the injunction, since the order itself is a little more than a recitation of the law"); PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610, 619 (7th Cir. 1998) (vacating injunction that "fail[ed] to comply with the requirements of Fed. R. Civ. P. 65 that an injunction be precise and self-contained, so that a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt").

I see no problem with the specificity of plaintiffs' proposed paragraph (2), in which plaintiffs ask that the county clerks be enjoined from discriminating against same-sex couples in the context of issuing marriage licenses.  However, I have reworded the paragraph slightly in an attempt to make it clearer.  In particular, I have changed plaintiffs' proposed language

that the clerks are "enjoined to issue marriage licenses to couples who, but for their sex, satisfy all the requirements to marry under Wisconsin law" to say that the clerks are "enjoined from denying a marriage license to a couple because both applicants for the license are the same sex."

In the original versions of paragraphs (4) and (5) of the proposed injunction, plaintiffs asked for an order requiring the registrar to accept marriage and divorce documents from same-sex couples and to modify the existing forms to be inclusive of those couples. Because defendants have raised no specific, substantive objections to these paragraphs and I see no problems with them, I will include these paragraphs in the injunction.

However, I am not including the additions to these paragraphs related to birth certificates that plaintiffs included with their reply brief. The new language is not responsive to any objections that defendants raised and plaintiffs do not explain why they did not include the language in any of their previous proposals. Even if I overlooked the untimeliness of the request, an injunction related to birth certificates seems to go beyond the scope of the issues in this case. Plaintiffs have not developed an argument that an amendment to procedures related to obtaining a birth certificate is implicit in the conclusion that a ban of same-sex marriage is unconstitutional. Any disputes that arise about birth certificates will have to be resolved in another forum.

Defendants objected to including any injunction related to defendants Walker and Van Hollen on the ground that "[n]either [Walker nor Van Hollen] is a public official with statutory authority to either validate or invalidate a marriage. Furthermore, neither is vested

7

with statutory authority to take any action in regard to a marriage license under Chapter 765." Dfts.' Br., dkt. #128, at 5.  In response to this argument, plaintiffs proposed the additional paragraph related to Van Hollen in which they seek to enjoin him from prosecuting county clerks for issuing marriage licenses to same-sex couples.  They cite media reports in which Van Hollen is quoted as stating that county clerks who have issued such licenses may be violating state law.  Patrick Marley and Dana Ferguson, "Van Hollen: Clerks issuing licenses to gay couples could be charged," Milwaukee Journal Sentinel  (June 12, 2014).  Although the reports quote Van Hollen as stating that it would be "up to district attorneys" to decide whether to prosecute the clerks, plaintiffs cite Wis. Stat. § 165.25(1m) for the proposition that Van Hollen has the authority to prosecute the clerks as well.

Regardless whether the attorney general has authority to initiate prosecutions, this seems to be another issue that goes beyond the scope of the June 6 order.  In particular, that order does not address the question whether county clerks were entitled under state law to issue marriage licenses to same-sex couples in the absence of an injunction.  Accordingly, I decline to issue an injunction against defendant Van Hollen because plaintiffs have not identified any specific actions that he may be required to take to enforce the June 6 order.

In what was originally paragraph (7) in the proposed injunction, plaintiffs ask for an order requiring defendant Walker and his agents "to use the full extent of their authority under art. V, § 4 of the Wisconsin Constitution" to enforce the court's ruling.  Again, plaintiffs do not identify in their proposed injunction any specific actions they want Walker or any of his agents to take.  In their brief, plaintiffs say that they want Walker to give

"direction to officers in the executive branch to provide recognition (and its attendant state law benefits, obligation, protections, and rights) to married same-sex couples."  Plts' Reply Br., dkt. #132, at 8.  This is a little closer to mark, but it is still unclear what plaintiffs mean by the phrase "provide recognition."  Because the key issue in this case is that plaintiffs are entitled to be treated the same as any opposite-sex couple, I will issue the following injunction with respect to defendant Walker:

> Defendant Scott Walker, in his official capacity, is permanently enjoined to direct all department heads, independent agency heads, or other executive officers appointed by the Governor under Wis. Stat. ch. 15 and their officers, agents, servants, employees and attorneys, and all those acting in concert with them, to treat same-sex couples the same as different sex couples in the context of processing a marriage license or determining the rights, protections, obligations or benefits of marriage.

Defendants also raise two, more general objections to plaintiffs' proposed injunction. First, defendants object to plaintiffs' request to enjoin not only defendants themselves, but also defendants' "officers, agents, servants, employees and attorneys, and all those acting in concert with them."  I am overruling this objection because Rule 65 itself says that "the parties' officers, agents, servants, employees, and attorneys" and "other persons who are in active concert or participation with" the parties' are bound by the injunction.  Fed. R. Civ. P. 65(d)(2).  "The purpose of the rule is to ensure that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding."  Blockowicz v. Williams, 630 F.3d 563, 566-70 (7th Cir. 2010) (internal quotations omitted).

Although I am sympathetic to defendants' concern about the lack of specificity, I also

understand that it would be impossible to list every individual who might act as an agent for one or more of the defendants. In lieu of limiting an injunction to just the defendants, the court of appeals has stated that this type of concern about scope can be addressed after the fact if a dispute arises.  H-D Michigan, LLC v. Hellenic Duty Free Shops S.A., 694 F.3d 827, 842 (7th Cir. 2012) ("Should any non-party believe that it has been enjoined improperly, it is free to seek a modification or clarification from the district court.").

Finally, defendants say that plaintiffs' proposed injunction "effectively requires a re-write of Wisconsin Statutes."  Dfts.' Br., dkt. #128, at 11.  I am overruling this objection as well.  The proposed injunction does not require the "re-writing" of any statutes.  Rather, it requires only equal treatment of same-sex couples and opposite-sex couples.  If I accepted defendants' argument, it would be impossible for individuals subjected to constitutional violations to obtain relief when the violation was caused by multiple laws.

## B.  Motion to Stay

This leaves the question whether the injunction should be stayed pending appeal under Fed. R. Civ. P. 62(c).  Generally, the answer to that question is determined by weighing four factors:  (1) whether the defendant has made a strong showing that it is likely to succeed on appeal; (2) whether the defendant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

If I were considering these factors as a matter of a first impression, I would be inclined to agree with plaintiffs that defendants have not shown that they are entitled to a stay. However, I cannot ignore the Supreme Court's order in Herbert v. Kitchen, 134 S. Ct. 893 (2014), in which the Court stayed a district court's order enjoining state officials in Utah from enforcing its ban on same-sex marriage.  It is impossible to know the Court's reasoning for issuing the stay because the Court did not accompany the order with an opinion, but, since Herbert, every statewide order enjoining the enforcement of a ban on same-sex marriage has been stayed, either by the district court or the court of appeals, at least when the state requested a stay.  In following Herbert, other courts have stated that, despite the lack of any reasoning in Herbert, they did not see any grounds for distinguishing the Supreme Court's order.  E.g., DeBoer v. Snyder, No. 14-1341 (6th Cir. Mar. 25, 2014).

Plaintiffs offer two grounds for distinguishing Herbert:  (1) since Herbert, each of the more than a dozen district courts considering bans on same-sex marriage has concluded that the ban is unconstitutional; and (2) same-sex marriages recognized under state law in other states since Herbert have not caused any harm to the state.  However, even if I accept both of these arguments, it does not change the fact that the Supreme Court's order in Herbert is still in place.  Until the Supreme Court provides additional guidance on this issue, the unanimity of federal districts is not a dispositive factor.

It is true that the Supreme Court declined to issue a stay in a more recent case in which a district court in Oregon enjoined enforcement of that state's ban on same-sex marriage.  National Organization for Marriage v. Geiger, 13A1173, 2014 WL 2514491

(U.S. June 4, 2014).  However, that order is not instructive because the district court's injunction was not opposed by the state; rather, a nonparty had requested the stay.  Thus, I do not interpret <u>Geiger</u> as undermining the Court's order in <u>Herbert</u>.

After seeing the expressions of joy on the faces of so many newly wedded couples featured in media reports, I find it difficult to impose a stay on the event that is responsible for eliciting that emotion, even if the stay is only temporary.  Same-sex couples have waited many years to receive equal treatment under the law, so it is understandable that they do not want to wait any longer.  However, a federal district court is required to follow the guidance provided by the Supreme Court.  Because I see no way to distinguish this case from <u>Herbert</u>, I conclude that I must stay any injunctive relief pending appeal.

The remaining question is whether the stay should include all relief, including the declaration, rather than just the injunction.  Although I remain dubious that it is necessary to "stay" declaratory relief, I understand that there has been much confusion among county clerks regarding the legal effect of the declaration.  To avoid further confusion among the clerks, I will issue a stay of all relief.


ORDER

Pursuant to Fed. R. Civ. P. 65(d), and for the reasons set forth in this court's June 6, 2014 Opinion and Order, dkt. #118, IT IS ORDERED that

1. Defendants Wendy Christensen, Joseph Czarnezki and Scott McDonell, in their official capacities, and their officers, agents, servants, employees and attorneys, and all those

acting in concert with them are permanently enjoined from denying a marriage license to a couple because both applicants for the license are the same sex.

2.  Defendant Oskar Anderson, in his official capacity, and his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined to accept for registration, assign a date of acceptance and index and preserve original marriage documents and original divorce reports for couples of the same sex on the same terms as for couples of different sexes under Wis. Stat. § 69.03(5).

3.  Defendant Oskar Anderson, in his official capacity, and his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are permanently enjoined to prescribe, furnish and distribute, under Wis. Stat. § 69.03(8), forms required for marriages under Wis. Stat. ch. 69 and Wis. Stat. § 765.20 that permit couples of the same sex to marry on the same terms as couples of different sexes.

4.  Defendant Scott Walker, in his official capacity, is permanently enjoined to direct all department heads, independent agency heads, or other executive officers appointed by the Governor under Wis. Stat. ch. 15 and their officers, agents, servants, employees and attorneys, and all those acting in concert with them, to treat same-sex couples the same as different sex couples in the context of processing a marriage license or determining the rights, protections, obligations or benefits of marriage.

FURTHER IT IS ORDERED that defendants' motion to stay all relief in this case, dkt. #114, is GRANTED.  The injunction and the declaration shall take effect after the conclusion of any appeals or after the expiration of the deadline for filing an appeal,

whichever is later.

The clerk of court is directed to enter judgment in favor of plaintiffs and close this case.

Entered this 13th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge